COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judge Bumgardner and
Senior Judge Hodges

RAPPAHANNOCK WIRE COMPANY AND
 ARGONAUT INSURANCE COMPANY

v.   Record No. 1308-01-2

VINCENT WILL SCHMITT, JR.

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 2, 2001

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Mark D. Crawford; Friedlander, Misler,
Sloan, Kletzkin & Ochsman, PLLC, on briefs),
for appellants.

(Wesley G. Marshall, on brief), for appellee.


Rappahannock Wire Company and its insurer (hereinafter referred to as "employer") contend that the Workers' Compensation Commission erred in finding that Vincent Will Schmitt, Jr. (claimant) proved that he is permanently and totally disabled within the meaning of Code § 65.2-503(C)(3). Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that claimant met his burden under Code § 65.2-503(C)(3) of proving that he had sustained an injury to the brain which was so severe as to render him permanently unemployable in gainful employment, the commission found as follows:

> The claimant's treating physicians and various examiners have concluded that the claimant is permanently unemployable due to his head injury sustained in his 1991 work accident. Having treated the claimant for numerous years, they are the most familiar with his circumstances, work history, and condition. A careful review of the medical records reveals that the doctors who rendered opinions in the case were well aware of the claimant's attempts to return to work. The claimant's treating physicians, including Drs. [Nathan D.] Zasler and [Roy W.] Jarnecke, concluded that he is permanently disabled because of his September 1991 accident and that he is not gainfully employable. The vocational rehabilitation expert, Dr. [Larry L.] Sinsabaugh, opined that the claimant was not employable as did Dr. [V. Robert] May and Dr. [Edward A.] Peck[, III]. Only Dr. [Brian] Schulman, who agreed the claimant had an organic brain dysfunction and only examined him once, and Patricia Eisen, a vocational rehabilitation counselor, found that the claimant could engage in gainful employment.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401

-

S.E.2d 213, 215 (1991). The medical records and opinions of Drs. Zasler, Jarnecke, Sinsabaugh, May, and Peck constitute credible evidence to support the commission's findings. As fact finder, the commission weighed the totality of the medical evidence and accepted the opinions of claimant's treating physicians, examiners, and vocational rehabilitation counselor, while rejecting the contrary opinions of Dr. Schulman and vocational rehabilitation counselor Eisen. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

We find no merit in employer's argument that the commission erred in giving greater probative weight to the opinions of claimant's treating physicians, examiners, and vocational rehabilitation counselor, because they did not take into account claimant's returns to work from May 1992 through December 1992 and from February 1993 through June 1993. The commission fully considered this argument and rejected it. The record supports the commission's findings. Furthermore, it was undisputed that from 1994 to the present, claimant remained unemployed.

-

Claimant's request for an award of costs and attorneys' fees is denied. For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>